IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
WESTERN DIVISION

|  |  |  |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 04-20320 Ma |
| | ) | |
| ERIC CARL JOHNSON, | ) | |
| | ) | |
| Defendant. | ) | |

**ORDER DENYING DEFENDANT'S MOTION FOR RECONSIDERATION**

Defendant Eric Carl Johnson was indicted on charges related to the manufacture of methamphetamine. On October 14, 2004, Johnson filed a suppression motion asking the court to suppress the fruits of a police search of Johnson's trailer. The court heard testimony on the motion on February 17, 2005, and on March 17, 2005. The court denied the motion in a bench ruling following the second day of testimony. Before the court is Johnson's motion for reconsideration, filed April 7, 2005. The government filed a response on April 19, 2005. For the following reasons, the court DENIES Defendant's motion.

Johnson's motion asks the court to reconsider its denial of his motions to suppress in light of the recent Sixth Circuit case United States v. Chambers, 395 F.3d 563 (6th Cir. 2005). In Chambers a Sixth Circuit panel upheld a district court's decision to suppress evidence from the search of a trailer in which

to suppress evidence from the search of a trailer in which methamphetamine was being manufactured. Johnson argues that Chambers compels this court to similarly suppress evidence from the search of Johnson's trailer because the facts of the two cases are "strikingly similar." Johnson's analysis, however, does not go beyond the claim that the two cases are "strikingly similar." He states no facts or legal arguments in support of his assertion.

In Chambers the district court "suppressed evidence of a methamphetamine laboratory seized by police officers as a result of a warrantless search of a trailer home and garage on a remote country road in a farming area of West Tennessee." Id. at 565. The Sixth Circuit described the facts of the case as follows:

> [Police officers] knocked on a glass entry door of the trailer home. A woman came to the glass door to answer the knock. She retreated when she saw that the police were at the door. She called out that there were police at the door; and the police heard, according to Officer Freeman, [one of the police officers at the door], footsteps scurrying inside the trailer as the woman went into another room. Freeman then used the knock and the occupant's refusal to talk as the justification for entry. The police officers immediately went through the door with guns drawn and into the trailer home to begin their search. . . . After searching for a few minutes and finding incriminating evidence, indicating an operating meth lab, Officer Freeman read Chambers, the owner, and his wife, their Miranda rights; and the Chambers then signed a consent to search form at the request of officer Freeman.

Id. at 568. Based on these facts, the Sixth Circuit panel agreed with the district court's finding that "[c]onsidering the totality of the circumstances . . . Chambers' consent was the product of the

2

prior illegal entry into this residence. Accordingly, it is submitted that the government has not carried its burden to show by a preponderance of the evidence through clear and positive testimony that Chambers' consent was voluntary." Id. at 570.

Johnson's case also involves a police search of a trailer that contained equipment for the manufacture of methamphetamine. In this case, however, the court found that all parties with a privacy interest in the trailer consented to a search of the trailer before the police entered. (Transcript of Suppression Hearing on March 17, 2005, at 69.) The court also found that Johnson, who was under the influence of methamphetamine at the time he consented, was capable of giving permission to search. (Id. at 72.) Consequently, this case materially differs from Chambers, in which the police only obtained consent to search after they had already entered the trailer with guns drawn and found incriminating evidence. Accordingly, Defendant's motion for reconsideration is DENIED.

So ORDERED this 10th day of May 2005.

SAMUEL H. MAYS, JR.
UNITED STATES DISTRICT JUDGE

UNITED STATES DISTRICT COURT - WESTERN DISTRICT OF TENNESSEE



# Notice of Distribution

This notice confirms a copy of the document docketed as number 60 in case 2:04-CR-20320 was distributed by fax, mail, or direct printing on May 17, 2005 to the parties listed.

---

Stephen R. Leffler
LEFFLER LAW OFFICE
707 Adams Ave.
Memphis, TN 38105

Scott F. Leary
U.S. ATTORNEY'S OFFICE
167 N. Main St.
Ste. 800
Memphis, TN 38103

Honorable Samuel Mays
US DISTRICT COURT