```
            IN THE UNITED STATES DISTRICT COURT
           FOR THE WESTERN DISTRICT OF TENNESSEE
                      WESTERN DIVISION
```
_____

| | |
|---|---|
| **UNITED STATES OF AMERICA,**     ) | |
|      ) | |
|     **Plaintiff,**             ) | |
|      ) | |
| **v.**                                 ) | |
|      ) | No. 04-20320 Ma |
| **ERIC CARL JOHNSON,**            ) | |
|      ) | |
|     **Defendant.**            ) | |
|      ) | |

_____

**ORDER DENYING DEFENDANT'S MOTION TO WITHDRAW FROM PLEA AGREEMENT**
_____

Before the court is Defendant Eric Carl Johnson's Motion to Withdraw from Plea Agreement, filed pro se on December 2, 2005. The government filed a response on April 13, 2005. For the following reasons, Johnson's motion is DENIED.

On August 10, 2004, Johnson was indicted on three counts related to the manufacture of controlled substances. Johnson filed a motion to suppress evidence uncovered through a police search of his trailer on October 14, 2004. The court denied Johnson's motion to March 17, 2005, and denied his motion for reconsideration on May 11, 2005. On June 15, 2005, Johnson pled guilty to Count 1, conspiracy to manufacture methamphetamine, and the other lesser counts were dismissed by the government on November 22, 2005, according to the terms of a plea agreement. (Plea Agreement ¶ 1.) Johnson was sentenced on November 22, 2005,

to ninety-two months imprisonment.

Under the plea agreement, the government agreed that Johnson could enter a conditional guilty plea and reserve his right to appeal the court's denial of Johnson's motion to suppress if the court determined that Johnson qualified to be sentenced as a career offender under U.S.S.G. § 4B1.1. (Id. ¶ 2.) If the court determined that Johnson was not a career offender, however, Johnson waived his right to appeal the court's ruling on the motion to suppress. (Id.) Johnson had two felony convictions involving a controlled substance, methamphetamine. (PSR ¶¶ 27, 32.) The second felony conviction, however, was for Solicitation to Commit a Felony: Unlawful Possession of a Controlled Substance-Methamphetamine, and therefore, the court did not treat it as a controlled substance offense qualifying Johnson to be sentenced as a career offender.

Johnson asserts that he should be allowed to withdraw from his plea agreement because his attorney misled him into believing that he was a career offender. Johnson's argument appears to be that he would not have waived his right to appeal the denial of his motion to suppress if he had known that he was not a career offender. It is not clear from the motion whether Johnson seeks to withdraw only from his plea agreement but not from his guilty plea. The plea agreement is a contract, governed by contract law. United States v. Mandell, 905 F.2d 970, 973 (6th

Cir. 1990). The court cannot allow one party to that contract to withdraw from one provision of the contract while continuing to enforce the remainder of the contract as to both parties.

If Johnson were allowed to withdraw from the agreement and appeal the denial of his motion to suppress, the government could not be bound by the agreement either. This would affect both the government's agreement to dismiss the lesser charges and its sentencing recommendations, which would, in turn, affect the remainder of Johnson's obligations under the plea agreement, including his agreement to plead guilty. Therefore, even if Johnson does not currently seek to withdraw his guilty plea, it is not possible to separate the plea agreement from the plea. Allowing Johnson to withdraw from the plea agreement would be equivalent to allowing him to withdraw his guilty plea.

Under Fed. R. Crim. P. 11(e), a defendant may not withdraw a guilty plea after sentencing, although the plea may be set aside on direct appeal or collateral attack. Therefore, Johnson's Motion to Withdraw from Plea Agreement is DENIED.

So ordered this 20th day of April 2006.

s/Samuel H. Mays, Jr.
SAMUEL H. MAYS, JR.
UNITED STATES DISTRICT JUDGE